**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

Michael O'Sullivan, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

Conagra Brands, Inc.,

    Defendant.

---

Case No.

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff, Michael O'Sullivan, (hereinafter "Plaintiff"), individually and on behalf of all others similarly situated, by his attorneys, alleges the following upon information and belief, except for those allegations pertaining to Plaintiff, which are based on personal knowledge:

## NATURE OF THE ACTION

1. This action seeks to remedy the deceptive and misleading business practices of Conagra Brand, Inc. (hereinafter "Defendant") with respect to the marketing and sales of Defendant Conagra Brands, Inc's Banquet Brand Frozen Chicken Strips Entree (hereinafter the "Product") throughout the state of New York and throughout the country.

2. Defendant manufactures, sells, and distributes the Product throughout the country; however, the Product is unfit for human consumption because the Product contains dangerous plastic within the food.

3. Plaintiff and those similarly situated ("Class Members") purchased the Product so that they could eat it, and believed that the Product was safe for human consumption and free of dangerous plastic; however, Defendant's Product contained plastic. Defendant acknowledged the

presence of contamination and potential hazards associated with its Product by issuing a nationwide recall on September 2, 2023 (the "Recall").[1]

4.  Because Defendant sold Plaintiff a Product which contained dangerous plastic within the food, Defendant has been and continues to be unjustly enriched. Defendant's Recall was in adequate because recalls such as these don't have the ability to get proper notice to the Class Members, and Plaintiff and Class Members were instructed to discard the Product(s) they purchased. Accordingly, Plaintiff brings this action against Defendant on behalf of himself and Class Members who purchased the Product during the applicable statute of limitations period (the "Class Period").

## FACTUAL BACKGROUND

5.  In 2023, the frozen cooked meals market size is estimated to be $39.13 billion, and is expected to continue to grow to $49.82 billion by 2028.[2]

6.  Plaintiff and Class Members purchase the food with the belief that it is safe to eat; however, the Product contained plastic within the chicken strips.

7.  Defendant acknowledged the presence of contamination and potential hazards associated with its Product by issuing a nationwide recall on September 2, 2023.[3] This awareness was acquired subsequent to consumer purchases and subsequent ingestion of the Product by some consumers, resulting in oral injuries attributable to the presence of plastic fragments within the chicken strips.[4]

---

[1] https://www.fsis.usda.gov/recalls-alerts/conagra-brands-inc--recalls-banquet-brand-frozen-chicken-strips-entree-due-possible
[2] https://www.mordorintelligence.com/industry-reports/frozen-cooked-ready-meals-market
[3] https://www.fsis.usda.gov/recalls-alerts/conagra-brands-inc--recalls-banquet-brand-frozen-chicken-strips-entree-due-possible
[4] *Id.*

8. Swallowing plastic can cause a plethora of health dangers including, but not limited to, oropharyngeal lodging and tearing. This can lead to asphyxiation and/or gastro-intestinal tract blockage and tearing, which can then lead to internal bleeding within any of the upper or lower GI tract organs.[5] Gastrointestinal issues may also occur in conjunction with chemical toxic exposure. The absorption of dangerous chemicals from the ingestion of plastic objects has been linked to hormone disruption and cell damage.[6]

9. As an immediate, direct, and proximate result of Defendant's Product containing plastic in the chicken strips, Defendant injured Plaintiff and the Class Members in that they were deprived of the benefit of the bargain because the Product they purchased to eat was not fit for human consumption and, as such, worthless. Plaintiff and Class Members also did not get the benefit of the bargain because were instructed to discard the Product(s) they purchased.

10. Plaintiff and the Class Members all paid money for the Products; however, Plaintiff and the Class Members did not obtain the value of the Product due to plastic in the food. Plaintiff and the Class Members would not have purchased the Product had they known the truth about the Product. Consequently, Plaintiff and the Class Members have suffered injury in fact and lost money as a result of Defendant's wrongful conduct.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. section 1332(d) in that: (1) this is a class action involving more than 100 class members; (2) Plaintiff is a citizen of the state of New York and Defendant Conagra Brands, Inc. is a citizen

---

[5] https://patient.info/doctor/swallowed-foreign-bodies
[6] https://www.anchenggy.com/blog/what-happens-if-you-swallow-plastic-risks-and-prevention.html

of the state of Delaware; and (3) the amount in controversy is in excess of $5,000,000, exclusive of interests and costs.

12.  This Court has personal jurisdiction over Defendant because Defendant conducts and transacts business in the state of New York, contracts to supply goods within the state of New York, and supplies goods within the state of New York.

13.  Venue is proper because Plaintiff and many Class Members reside in the Southern District of New York, and throughout the state of New York. A substantial part of the events or omissions giving rise to the Classes' claims occurred in this district.

## PARTIES

### Plaintiff

14.  Plaintiff is an individual consumer who, at all times material hereto, was a citizen of New York State. Plaintiff purchased the Product during the Class Period. Plaintiff purchased the Product believing that it was fit for human consumption; however, the Product Plaintiff purchased contained dangerous plastic within the food.

15.  Plaintiff was injured in fact and lost money as a result of Defendant's improper conduct (i.e. - selling food that contained plastic).

### Defendant

16.  Defendant Conagra Brands, Inc. is a publicly traded corporation with its principal place of business in Chicago, Illinois. Defendant is one of the largest frozen food manufacturers within the United States. Defendant manufactures, markets, advertises, and distributes the Product throughout the United States.

## CLASS ALLEGATIONS

17. Plaintiff brings this matter on behalf of himself and those similarly situated. As detailed at length in this Complaint, Defendant sold chicken strips that were contaminated with dangerous plastic within the food. Defendant's customers were uniformly impacted by and exposed to this misconduct. Accordingly, this Complaint is uniquely situated for class-wide resolution, including injunctive relief.

18. The Class is defined as all consumers who purchased the Product anywhere in the United States during the Class Period (the "Class").

19. Plaintiff also seeks certification, to the extent necessary or appropriate, of a subclass of individuals who purchased the Product in the state of New York at any time during the Class Period (the "New York Subclass").

20. The Class and New York Subclass shall be referred to collectively throughout the Complaint as the Class.

21. The Class is properly brought and should be maintained as a class action under Rule 23(a), satisfying the class action prerequisites of numerosity, commonality, typicality, and adequacy because:

22. <u>Numerosity</u>: Class Members are so numerous that joinder of all members is impracticable. Plaintiff believes that there are thousands of consumers who are Class Members described above who have been damaged by Defendant's Product.

23. <u>Commonality</u>: The questions of law and fact common to the Class Members which predominate over any questions which may affect individual Class Members include, but are not limited to:

  a. Whether Defendant is responsible for the conduct alleged herein which was uniformly directed at all consumers who purchased the Product; and

  b. Whether Plaintiff and the Class are entitled to money damages under the same cause of action as the other Class Members?

24. <u>Typicality</u>: Plaintiff is a member of the Class. Plaintiff's claims are typical of the claims of each Class Member in that every member of the Class was susceptible to the same deceptive, misleading conduct and purchased Defendant's Products. Plaintiff is entitled to relief under the same causes of action as the other Class Members.

25. <u>Adequacy</u>: Plaintiff is an adequate Class representative because his interests do not conflict with the interests of the Class Members he seeks to represent, his consumer fraud claims are common to all members of the Class and he has a strong interest in vindicating his rights, he has retained counsel competent and experienced in complex class action litigation, and counsel intends to vigorously prosecute this action.

26. <u>Predominance</u>: Pursuant to Rule 23(b)(3), the common issues of law and fact identified above predominate over any other questions affecting only individual members of the Class. The Class issues fully predominate over any individual issue because no inquiry into individual conduct is necessary; all that is required is a narrow focus on Defendant's contaminated Product.

27. <u>Superiority</u>: A class action is superior to the other available methods for the fair and efficient adjudication of this controversy because:

  a. The joinder of thousands of individual Class Members is impracticable, cumbersome, unduly burdensome, and a waste of judicial and/or litigation resources;

    b. The individual claims of the Class Members may be relatively modest compared with the expense of litigating the claim, thereby making it impracticable, unduly burdensome, and expensive—if not totally impossible—to justify individual actions;

    c. When Defendant's liability has been adjudicated, all Class Members' claims can be determined by the Court and administered efficiently in a manner far less burdensome and expensive than if it were attempted through filing, discovery, and trial of all individual cases;

    d. This class action will promote orderly, efficient, expeditious, and appropriate adjudication and administration of Class claims;

    e. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action;

    f. This class action will assure uniformity of decisions among Class Members;

    g. The Class is readily definable and prosecution of this action as a class action will eliminate the possibility of repetitious litigation;

    h. Class Members' interests in individually controlling the prosecution of separate actions is outweighed by their interest in efficient resolution by single class action; and

    i. It would be desirable to concentrate in this single venue the litigation of all plaintiffs who were induced by Defendant's contaminated Product.

28. Accordingly, this Class is properly brought and should be maintained as a class action under Rule 23(b)(3) because questions of law or fact common to Class Members

predominate over any questions affecting only individual members, and because a class action is superior to other available methods for fairly and efficiently adjudicating this controversy.

## FIRST CAUSE OF ACTION
## UNJUST ENRICHMENT
### (On Behalf of Plaintiff and All Class Members in the Alternative)

29. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

30. Plaintiff, on behalf of himself and consumers nationwide, brings a claim for unjust enrichment.

31. Defendant's conduct violated, *inter alia*, state and federal law by manufacturing, advertising, marketing, and selling an unsafe and contaminated Product.

32. Defendant's unlawful conduct as described in this Complaint allowed Defendant to knowingly realize substantial revenues from selling its Product at the expense of, and to the detriment or impoverishment of, Plaintiff and Class Members and to Defendant's benefit and enrichment. Defendant has thereby violated fundamental principles of justice, equity, and good conscience.

33. Plaintiff and Class Members conferred significant financial benefits and paid substantial compensation to Defendant for the Product, which was not as Defendant represented them to be.

34. Under New York's common law principles of unjust enrichment, it is inequitable for Defendant to retain the benefits conferred by Plaintiff and Class Members' overpayments.

35. Plaintiff and Class Members seek disgorgement of all profits resulting from such overpayments and establishment of a constructive trust from which Plaintiff and Class Members may seek restitution.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all issues.

**WHEREFORE**, Plaintiff, on behalf of himself and the Class, prays for judgment as follows:

(a) Declaring this action to be a proper class action and certifying Plaintiff as the representative of the Class under Rule 23 of the FRCP;

(b) Awarding monetary damages and treble damages;

(c) Awarding punitive damages;

(d) Awarding Plaintiff and Class Members their costs and expenses incurred in this action, including reasonable allowance of fees for Plaintiff's attorneys and experts, and reimbursement of Plaintiff's expenses; and

(e) Granting such other and further relief as the Court may deem just and proper.

Dated: September 11, 2023

**THE SULTZER LAW GROUP P.C.**

Jason P. Sultzer /s/

By: _____
Jason P. Sultzer, Esq.
Daniel Markowitz, Esq.
85 Civic Center Plaza, Suite 200
Poughkeepsie, NY 12601
Tel: (845) 483-7100
Fax: (888) 749-7747
sultzerj@thesultzerlawgroup.com
markowitzd@thesultzerlawgroup.com

Nick Suciu III, Esq.
**MILBERG COLEMAN BRYSON**
**PHILLIPS GROSSMAN, PLLC**
6905 Telegraph Road, Suite 115
Bloomfield Hills, MI 48301
Tel: (313) 303-3472
nsuciu@milberg.com


Paul J. Doolittle, Esq.
Blake G. Abbott, Esq.
**POULIN | WILLEY**
**ANASTOPOULO, LLC**
32 Ann Street
Charleston, SC 29403
Tel: 803-222-2222
Fax: 843-494-5536
paul.doolittle@poulinwilley.com
blake.abbott@poulinwilley.com

*Counsel for Plaintiff and the Class*